UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SOCIETY OF ST. JOHN AND JAMPOT,

      Plaintiff,

v.                                                         Case No. 2:09-cv-90
                                                         Consent case
EAGLE HARBOR TOWNSHIP, et al.,

      Defendants.
_____/

**OPINION AND ORDER**

        Plaintiff Society of St. John and Jampot filed this lawsuit against defendants Eagle Harbor Township, Eagle Harbor Township Zoning Official, and Eagle Harbor Township Zoning Board of Appeals after plaintiff's application to build an accessory building on plaintiff's property was denied by defendants. Plaintiff is a Michigan non-profit corporation and Christian organization affiliated with the Ukrainian Catholic Church, Diocese of St. Nicholas in Chicago to accommodate the Monks. Plaintiff's property is located in Eagle Harbor Township. Plaintiff claims that the property is used solely for religious purposes. Defendants dispute that the property is used solely for religious purposes. As a religious institution, plaintiff is a monastic community established under the Rule of Saint Benedict.

        Plaintiff's property is zoned in the Township as resort residential. Plaintiff would like to build an accessory storage structure. Plaintiff's request for a building permit was denied on August 27, 2008. Defendant Township stated that Jampot was a nonconforming use under the ordinance and could not be expanded. Plaintiff appealed to the Zoning Board of Appeals. On October 8, 2008, the Zoning Board of Appeals issued a letter stating that Jampot was considered

"group housing" under the ordinance and plaintiff should apply for a special use permit. Jampot claims that it is not group housing, but a religious institution as defined under the ordinance and allowed in the resort residential category as a matter of right. Under the ordinance, the requested accessory structure is allowed by right if located on the same lot and subordinate to use to the primary structure. Plaintiff complains that defendants have denied the accessory structure by re-labeling plaintiff's established religious use of the property. Plaintiff never received a requested hearing by the Zoning Board of Appeals. Plaintiff requests a declaratory judgment that the property is owned and used as a religious institution, that the use is not non-conforming or group housing, and granting the request for an accessory structure as well as any other equitable relief including costs and attorney fees.

Presently before the Court is defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or Motion For Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed

in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that plaintiff failed to obtain a "final definitive decision" from the Township on plaintiff's application, and this matter should therefore be dismissed because it is not ripe for review. Plaintiff argues that defendants made final decisions on August 28, 2007, when the permit was denied, and when the Zoning Board of Appeals denied plaintiff's appeal. Further, plaintiff argues that under the Religious Land Use and Institutionalized Persons Act, exhaustion of administrative remedies is not required when brought as part of a 42 U.S.C. § 1983 action.

In *Grace Community Church v. Lenox Township,* 544 F.3d 609 (6th Cir. 2008), the Lenox Township Planning Commission issued a special land use permit to allow the church to operate a residential facility for religious instruction and spiritual counseling with certain restrictions involving the screening of residents and that the facility was not to be used as a half-way house or for drug or alcohol rehabilitation. After a citizen made a complaint regarding the facility's substance abuse counseling, the church reverend refused to make a comment to the planning committee regarding the violation of the land use restrictions. The planning committee revoked the special land

use permit. The church made no comment on the matter and made no attempt to obtain reconsideration or reinstatement, nor appeal the revocation decision. The church filed a lawsuit approximately one year later against the township. The Sixth Circuit concluded that the claim was not ripe because no final decision had been made by the local land use authority.

In determining whether the claim was ripe for review the Sixth Circuit applied the test set forth in *Insomnia, Inc. v. City of Memphis Tenn.*, 278 Fed. Appx. 609 (6th Cir. 2008). The factors that the court should consider include: (1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings. Applying these factors, the Sixth Circuit concluded that in *Grace Community Church* the claims were not ripe for judicial review.

> Yet, the record is devoid of any efforts by the Church to complete the factual record, to more fully explain its position to the Commission, to seek reconsideration, or to appeal the revocation decision to the Zoning Board of Appeals. Instead, it is undisputed that the Church made no effort to resolve the dispute locally before filing this action in federal court some ten months later. Under these circumstances, it is clear that all three of the lack-of-finality reasons cited in *Insomnia* are equally present in this case.

*Grace Community Church*, 544 F.3d at 609, 616.

In *Dilaura v. Ann Arbor Charter Twp.*, 30 Fed. Appx. 501 (6th Cir. 2002), plaintiff wished to use property in the township as a religious retreat affiliated with the Catholic church where several guests would stay during the week for prayer and fellowship. Plaintiff was informed in writing by the township zoning officer that such a use was not allowed and the request was denied. Plaintiff filed a zoning board of appeals application for a variance. The board denied the variance. Plaintiff filed a lawsuit against the township. The district court granted defendant's motion to

dismiss, finding that plaintiff lacked standing, lacked an injury in fact, the claims were not ripe, plaintiff failed to apply for a conditional use permit, and the township did not threaten to enforce the zoning ordinance. The Sixth Circuit found that the case was ripe for review because the plaintiff had gone through an appeals process and had applied for a variance which was denied by the township.

Defendant here argues that a final determinative decision was never made. Initially, William Eddy, the Zoning Administrator for Eagle Harbor Township, informed plaintiff in writing that the application to build a small structure adjacent to the Jampot was denied and that plaintiff could, among several options, file an appeal with the Zoning Board of Appeals. Plaintiff filed an appeal, but Zoning Administrator Eddy then decided that he had made an "administrative error" and that plaintiff should now apply for a special land use permit. Plaintiff's claims are ripe. Plaintiff was initially denied a permit by the Eagle Harbor Township Zoning Administrator and was instructed to file an appeal to the Zoning Board of Appeals. The appeal was denied. The Eagle Harbor Township Zoning Administrator informed plaintiff that he had made an error and that plaintiff should apply for a special land use permit. The assertion by defendants that plaintiff failed to provide the Zoning Board of Appeals information needed for an appeal is false and not supported by the record.

Plaintiff has done everything that was required to obtain a permit. This is not an instance where plaintiff failed to take action. Plaintiff cannot be faulted for the failure of defendants to understand their own zoning application procedures and requirements. Plaintiff took the action outlined in the denial of plaintiff's permit. An adequate administrative record has been developed allowing the Court to know exactly why defendants denied the permit. Moreover, without a permit, plaintiff cannot build its proposed accessory structure. Based on the entire record presented to the Court, a final determination has been made by defendants. Defendants now deny that a final

determination has been made. It is clear that a decision has been made to deny plaintiff a permit for an accessory structure. Defendants would like plaintiff to either obtain a special use permit or possibly attempt to obtain a more comprehensive development permit to cover all of plaintiff's property and future development on the property. However, this is not what plaintiff has requested. Rather, plaintiff makes a much more simple request. Plaintiff does not want defendants to redefine them in a matter that suits defendants. Plaintiff would like to comply with the existing zoning requirements and obtain a permit for an accessory structure that appears available under defendants' zoning rules. Defendants' attempt to further delay this litigation is unwarranted.[1] The permit request at issue received a final denial. Defendants have not made a showing that this case should be dismissed at this time.

Accordingly, defendants' Motion to Dismiss and/or Motion For Summary Judgment (Docket #25) is DENIED.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 18, 2010

---

[1] Plaintiff has other options for future proposed developments on its property as discussed at the commission meeting on April 24, 2007. Plaintiff has not pursued those options and the issue before this Court is limited to the requested accessory structure.